UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL SHELLEY                                    CIVIL ACTION

VERSUS                                             NO. 16-15927

SELECT PORTFOLIO SERVICING, INC.                   SECTION: A (4)

## ORDER

Before the Court is a **Motion for Judgment on the Pleadings (Rec. Doc. 9)** filed by Defendant Select Portfolio Servicing, Inc. ("SPS"). Plaintiff has not filed an opposition to the Motion. The Motion, set for submission on January 11, 2017 is before the court on the briefs without oral argument.[1]

### I.  Background

On October 29, 2004, Plaintiff executed a promissory note in favor of Olympus Mortgage Company or "anyone who takes this Note by transfer" in the principal amount of $61,000.00 (the "Note"). The Note is secured by a mortgage that was signed by Plaintiff on October 29, 2004, and is recorded in the Parish of Jefferson, State of Louisiana as Instrument Number 10466394, Book 4211, Page 910 (the "Mortgage"). The Mortgage encumbers the immovable property located at 457 Sala Avenue, Westwego, Louisiana 70094 (the "Property").

The Note was endorsed by Olympus Mortgage Company and made payable to Ameriquest Mortgage Company, which endorsed the Note in blank, rendering the note bearer paper. (Rec. Doc. 9-2). U.S. Bank, N.A. is the current holder and possessor of the Note. Defendant SPS has been the loan servicer since July 1, 2012. Plaintiff allegedly defaulted the Note and Mortgage by failing to remit the November 1, 2015 monthly installment, and all subsequent installments. As a result of Plaintiff's default and his failure to cure the default, the loan was accelerated and the

---

[1] The Court notes that Defendant has requested oral argument (Rec. Doc. 10), but finds oral argument unnecessary.

1

entire unpaid principal balance, together with interest, and allowable fees, are now allegedly due, owing, and unpaid. (Rec. Doc. 9).

On or about August 9, 2016, U.S. Bank filed the lawsuit against Plaintiff in the Twenty-Fourth Judicial District Court for the Parish of Jefferson to enforce its rights in the Note and Mortgage against Plaintiff. Although it remains unclear, this action appears to have resulted in the Sheriff Sale of the mortgaged property on October 19, 2016. (Rec. Doc. 1-4). In response to the lawsuit, Plaintiff filed a civil action on October 11, 2016 against Defendant in the Second Justice Court for the Parish of Jefferson. (Rec. Doc. 1-4). Defendant timely removed the state court action to this Court. (Rec. Doc. 1).

**II.     Analysis**

Plaintiff seeks a $1,000 penalty under the Federal Debt Collection Practices Act ("FDCPA"), a letter from SPS to "all 3 credit reporting agencies" requesting that negative reporting in connection with the Note be removed under the Fair Credit Reporting Act ("FCRA"), and that the sale ordered in the Foreclosure Action be enjoined pending resolution of this lawsuit. (Rec. Doc. 1-4). Defendant SPS claims that it is entitled to judgment on the pleadings because 1) Plaintiff waived presentment by the clear and unambiguous terms set out in the note, 2) SPS is not a debt collector under the FDCPA, 3) Plaintiff has no right of action, and failed to comply with the statutory requirements for asserting a FCRA claim, and 4) Plaintiff's request for injunctive relief does not fall within one of the statutory exceptions in the Anti-Injunction Act.

A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and must draw all reasonable inferences from those

allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (parenthetical in original) (quotations, citations, and footnote omitted).

      a. **Failure of Presentment**

Plaintiff claims that Defendant's failure to present the note upon demand means that the note is dishonored and that his debts are no longer owed. Defendant asserts that Plaintiff waived his right to presentment, and that failure to present the note does not absolve Plaintiff of his debts.

The Court finds that Defendant was not required to present the note at Plaintiff's request because Plaintiff waived both his right of presentment and right to notice of his dishonor. (Rec. Doc. 1-1). The Note that Plaintiff signed included the following provision:

> Waivers: I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

The United States Court of Appeals for the Fifth Circuit, applying Louisiana law, has held that when a note contains a provision waiving the right of presentment, "[t]his provision is binding." *Int'l City Bank and Trust Co. v. Morgan Walton Properties, Inc.*, 675 F.2d 666, 668 (5th Cir. 1982) (quoting *Frank-Taylor-Kendrick Co. v. Voissement*, 142 La. 973, 77 So. 895 (1918)). Thus, Plaintiff's waiver of presentment is binding and Defendant's failure to present the note does not release Plaintiff of his debt.

      b. **Federal Debt Collection Practices Act**

Plaintiff claims that he is entitled to $1000.00 in fines because Defendant is a creditor under the FDCPA and violated the FDCPA. Defendant argues that it is not a creditor under the FDCPA because its services were already retained when Plaintiff defaulted on the note.

The Court agrees that Defendant is not a debt collector under the FDCPA, and is therefore not liable for fines under the FDCPA. Defendant is the "loan servicer" on the Note. A debt collector under the FDCPA includes:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6).

The FDCPA excludes a "person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person" from its definition of a debt collector. 15 U.S.C. § 1692a (6)(F). Additionally, the United States Court of Appeals for the Fifth Circuit has held that the FDCPA does not include debt collectors, as long as the debt was not in default at the time it was assigned. *Brumberger v. Sallie Mae Servicing Corp.*, 84 Fed.Appx. 458, 459 (5th Cir. 2004). Defendant's servicing of the loan began in September 2012, well before Plaintiff defaulted on his Note payments in November 2015. (Rec. Doc. 1-4). As a debt collector who obtained the servicing right to Plaintiff's loan before Plaintiff defaulted on his loan, Defendant is not a debt collector under the FDCPA. Thus, Plaintiff's claim against Defendant for fines under the FDCPA fails.

  **c. Fair Credit Reporting Act**

Plaintiff also brought claims against Defendant under the FCRA for failure to provide accurate credit information to credit reporting agencies or failure to investigate and report its findings to credit reporting agencies. The FCRA regulates the consumer reporting industry. 15 U.S.C. § 1681(a), *et seq*. The FCRA "regulates information provided to consumer reporting

agencies by 'furnishers of information.'" *Floyd v. Wells Fargo Home Mortg. Co.*, 848 F.Supp.2d 635, 642 (E.D. La. 2012) (Barbier, Carl J.) (quoting 15 U.S.C. § 1681s–2(a)(1)(A)). Defendant agrees that, as a loan servicer, it likely qualifies as a furnisher of credit information. (Rec. Doc. 8). Furnishers of credit information have duties under the Act to provide accurate information, under 15 U.S.C. § 1681s-2(a), and to fulfill certain duties upon notice of a dispute, under 15 U.S.C. § 1681s-2(b). Defendant correctly points out that "there is no private right of action under Section 1681s–2(a)." *Floyd*, 848 F.Supp.2d at 644. The FCRA grants "'exclusive enforcement power over' Section 1681s-2(a)" to the Federal Trade Commission ("FTC"). *Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, *5 (E.D. La. 2003) (Duval, Stanwood Jr.); See also *Washington v. CSC Credit Services*, Inc., 199 F.3d 263, 268 (5th Cir. 2000) (where the court held that Congress vested the power to obtain injunctive relief solely with the FTC). Because the FTC has the exclusive right to enforce 15 U.S.C. § 1681s-2(a), any private right of action that Plaintiff might have against Defendant must fall under its 15 U.S.C. § 1681s-2(b) duties.

After notice of a dispute, furnishers are required to (1) investigate disputed information; (2) review all information provided by the consumer reporting agency in conducting the investigation; (3) report the results of the investigation to the consumer reporting agency; and (4) report the results to all national consumer reporting agencies if the investigation finds the information given is incomplete or inaccurate. 15 U.S.C. § 1681s-2(b). Defendant argues that Plaintiff failed to provide proper notice of a dispute, which is required to trigger Defendant's duties under 15 U.S.C. § 1681s-2(b).

The Court agrees that Plaintiff failed to provide notice of a dispute as required by law to trigger any 15 U.S.C. § 1681s-2(b) duties. The United States Court of Appeals for the Fifth Circuit has held that "any private right of action [Plaintiff] may have under § 1681s–2(b) would require

5

proof that a <u>consumer reporting agency</u> … had notified [Defendant]" of a dispute. *Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 631, 639 (5th Circ. 2002) (emphasis added). In *Young*, the Fifth Circuit found that plaintiff's "claims fail[ed] as a matter of law" because plaintiff failed to point to any evidence that defendant received notice of a dispute from a consumer reporting agency. *Id.* at 640. Plaintiff has failed to identify any evidence of notice from a consumer reporting agency. Thus, Plaintiff's claim under 1681s-2(b) of the FCRA must fail as a matter of law because Plaintiff failed to provide notice as required by law this Circuit.

### d. Injunction

Plaintiff's last demand is for the Court to enjoin the Louisiana court's ordered sale of the property that is the subject of the mortgage. Defendant argues that this action is prohibited by the Anti-Injunction Act ("AIA") and that Plaintiff has failed to claim any circumstances that entitled him to an exception under the AIA.

The Court agrees that Plaintiff's claim to enjoin the foreclosure sale fails because Plaintiff has failed to plead circumstances that would qualify for an exception under the AIA. The Anti–Injunction Act, 28 U.S.C. § 2283, governs whether a district court can properly enjoin pending state court litigation. *Newby v. Enron Corp.*, 338 F.3d 467, 473 (5th Cir.2003). United States courts "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. As for the first exception, Plaintiff does not point to any act of Congress that authorizes this Court to enjoin the Louisiana court's foreclosure of the mortgaged property. Thus, Plaintiff does not qualify for an injunction under the AIA's first exception.

As for the second exception, an injunction is not necessary in aid of this Court's jurisdiction. Courts in this Circuit apply this exception "only where a state proceeding threaten[s]

to dispose of property that form[s] the basis for federal in rem jurisdiction or where the state proceeding threaten[s] the continuing superintendence by a federal court." *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002). In rem jurisdiction is not at issue in this matter, and there is no continuing monitoring action present here that requires this Court to enjoin state court actions. Thus, Plaintiff does not qualify for an injunction under the AIA's second exception.

Finally, the last of the three exceptions also does not apply to Plaintiff. The last of the three exceptions listed in the AIA "permits an injunction where necessary to 'prevent state litigation of an issue that previously was presented to and decided by the federal court.'" *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 407 (5th Cir. 2008) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988). Because a previous decision by a federal court does not exist in this case, an injunction is not necessary in order to avoid re-litigation. Thus, Plaintiff does not qualify for an injunction under the AIA's third exception. Plaintiff's final claim fails, and Defendant is entitled to judgment on the pleadings in its favor.

Accordingly;

**IT IS ORDERED** that the **Motion for Judgment on the Pleadings (Rec. Doc. 9)** filed by Select Portfolio Servicing, Inc. is **GRANTED**.

New Orleans, Louisiana this 13th day of April, 2017.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE